UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPECIALIZED LOAN SERVICING LLC,<br><br>Plaintiff,<br><br>-against-<br><br>EQUITY PRIME MORTGAGE, LLC,<br><br>Defendant. | Case No. 23-CV-_____<br><br>**COMPLAINT** |

Plaintiff Specialized Loan Servicing LLC ("SLS"), by its attorneys Goulston & Storrs PC, as and for its Complaint against defendant alleges as follows:

**ALLEGATIONS COMMON TO**
**ALL CAUSES OF ACTION**

**The Parties**

1. SLS is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 6200 South Quebec Street, Greenwood Village, Colorado 80111. SLS is engaged in the business of, *inter alia*, providing mortgage servicing and related services.

2. For purposes of 28 U.S.C. § 1332(a), SLS is a citizen of the States of Delaware and Colorado.

3. On information and belief, defendant Equity Prime Mortgage, LLC ("Equity Prime") is a limited liability company organized under the laws of the State of Georgia with its principal place of business at 5 Concourse Parkway, Queen Building, Suite 2250, Atlanta, Georgia 30328, engaged in the business of originating and selling residential mortgages and related mortgage servicing rights.

4. On further information and belief, the members of Equity Prime are citizens of the State of Georgia.

### The CMC MSRPA

5. On or about February 27, 2018, Equity Prime entered into a Mortgage Servicing Rights Purchase and Sale Agreement (the "CMC MSRPSA") with CMC Funding, Inc. ("CMC"), pursuant to which CMC agreed to buy from Equity Prime certain mortgage servicing rights ("MSRs"). A copy of the CMC MSRPSA is annexed hereto at Exhibit 1. The CMC MSRPSA is governed by New York law. § 12.09. In the CMC MSRPA, Equity Prime granted SLS as servicer broad powers of attorney with respect to matters involving MSRs. *Id.*, Exhibit E and § 12.10.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. SLS is a citizen of Delaware and Colorado, and upon information and belief Equity Prime is a citizen of Georgia, for purposes of 28 U.S.C. § 1332(a).

7. Equity Prime is subject to personal jurisdiction in this Court because it consented in writing to the jurisdiction of this Court in § 12.09 of the CMC MSRPSA, which states, in relevant part:

> THE PARTIES AGREE THAT ANY DISPUTE ARISING UNDER OR RELATING TO THIS AGREEMENT SHALL BE BROUGHT IN AND WILL BE RESOLVED EXCLUSIVELY IN EITHER UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK OR IN THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK. EACH PARTY HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY DEFENSE OF IMPROPER VENUE OR FORUM NON

CONVENIENS IN ANY ACTION ARISING UNDER OR RELATING TO THIS AGREEMENT AND AGREES TO BE BOUND BY ANY JUDGMENT RENDERED THEREBY ARISING UNDER OR OUT OF IN RESPECT OF OR IN CONNECTION WITH THIS AGREEMENT OR ANY RELATED DOCUMENT OR OBLIGATION.

8. Venue in this Court is proper because the parties agreed to venue in this Court in the CMC MSRPSA as set forth above, and SLS asserts in this action claims arising under, out of and in connection with the CMC MSRPSA.

## Equity Prime Breaches Its Obligation To Repurchase the Subject Mortgage Loan

9. After the parties executed the CMC MSRPSA, CMC purchased MSRs from Equity Prime as contemplated byhe CMC MSRPSA.

10. The MSRs that CMC purchased from Equity Prime included mortgage servicing rights for mortgage loans that Equity Prime sold to an "Agency," defined in the CMC MSRPSA to include the Federal National Mortgage Association, further defined as "FNMA."

11. One such mortgage loan was the mortgage loan identified with the FNMA Loan Number ending in 9455, the Equity Prime Loan Number ending in 6315, and the CMC Loan Number ending in 1296 (the "Subject Mortgage Loan").

12. Under the terms of the sale of the Subject Mortgage Loan to FNMA, as well as the CMC MSRPSA, if FNMA identified certain defects in the Subject Mortgage Loan or the documentation therefor, FNMA was entitled to demand repurchase the Subject Mortgage Loan, and Equity Prime was obligated to carry out such repurchase upon FNMA's demand.

13. FNMA issued a repurchase demand for the Subject Mortgage Loan on December 2, 2022, which was forwarded the same day to Equity Prime for it to address the loan origination defects identified by FNMA.

14. Equity Prime appealed FNMA's repurchase request on or about December 8, 2022. The appeal was not sufficient to satisfy FNMA; therefore, FNMA issued a reaffirmation of the repurchase demand on December 9, 2022. The reaffirmation was forwarded to Equity Prime on the same day.

15. Equity Prime provided a second appeal on January 3, 2023, which was also submitted to FNMA but which also did not satisfy FNMA, which in turn issued a second reaffirmation of its repurchase demand on January 13, 2023. The second reaffirmation was provided to Equity Prime on the same day.

16. The reaffirmation stated: "Fannie Mae [FNMA] has given careful consideration to the lender's [Equity Prime's] second appeal. However, the lender did not provide any new documentation to cure the cited defects. The rental income has not been documented with Sch. E or IRS Form 8825 - Rental Real Estate Income and Expenses of a Partnership or an S Corporation. The subject loan was ineligible for delivery due to the excessive revised DTI ratio and insufficient reserves. The subject loan is not eligible for a repurchase alternative."

17. The FNMA due date for repurchase of the Subject Mortgage Loan was January 28, 2023. Equity Prime failed to take any further steps to appeal FNMA's repurchase demand as to the Subject Mortgage Loan.

18. By agreement with CMC, acknowledged by Equity Prime in the CMC MSRPSA, SLS was the servicer of the Subject Mortgage Loan, vested with all

right and power to service the mortgage loans associated with the "Mortgage Servicing Rights" (as defined in the parties' agreements), including the right to advance payments with respect to mortgage loans such as the Subject Mortgage Loan, subject to a right of indemnity and reimbursement from Equity Prime.  Both Equity Prime and CMC gave SLS power of attorney with respect to all mortgage loans associated with Mortgage Servicing Rights, which included the rights to advance the repurchase amount for the Subject Mortgage Loan to FNMA and the right to claim indemnity and reimbursement for such amount and any other Losses from Equity Prime.

19. On or about January 31, 2023, SLS issued repurchase figures to Equity Prime and requested immediate funding of the repurchase price of the Subject Mortgage Loan so as to effectuate the repurchase demanded by FNMA.  SLS followed up several times with Equity Prime, but Equity Prime was ultimately unresponsive.

20. Section 8.03 of the CMC MSRPSA is clear as to Equity Prime's obligation to repurchase the Subject Mortgage Loan upon the exhaustion of the FNMA appeal process.  It provides: "If the defect or deficiency leading to the [FNMA repurchase] demand is not corrected or cured by the Seller [Equity Prime] within the time period permitted by Agency [FNMA], Seller shall take such action as required by the Agency [in this case, repurchase] with respect to the Related Mortgage Loan."

21. Upon further demand by FNMA, SLS, as servicer of the Subject Loan, on behalf of Equity Prime and CMC funded the repurchase of the Subject Mortgage Loan directly to FNMA on April 20, 2023, since Equity Prime had failed to meet its contractual obligation to do so.  This resulted in a "Loss" as defined in the CMC MSRPSA.

22. Equity Prime's failure to repurchase the Subject Mortgage Loan as demanded by FNMA was a breach of the CMC MSRPSA by Equity Prime.

23. By Assignment of Claims dated as of June 21, 2023, a copy of which is annexed as Exhibit 2, CMC assigned to SLS all CMC's rights, claims and causes of action against Equity Prime with respect to the Subject Mortgage Loan.

24. SLS also is entitled, as servicer of the Subject Mortgage Loan holding powers of attorney from both Equity Prime and CMC, to claim indemnity and reimbursement from Equity Prime with respect to its failure to repurchase the Subject Mortgage Loan as FNMA demanded.

## Equity Prime Breached Its Obligation To Indemnify CMC, Despite Demand

25. CMC's undertaking the repurchase of the Subject Mortgage Loan, through SLS as servicer thereof, while reserving its rights against Equity Prime for indemnification, was expressly contemplated in § 8.03 of the CMC MSRPSA, which provides, in relevant part: "In the event that the Seller [Equity Prime] does not timely perform a repurchase, indemnification or make-whole obligation, the Purchaser [CMC, acting through SLS as servicer], in its sole discretion, may perform such obligation without waiving its rights under this Section 8.03; in furtherance thereof, Seller shall … promptly upon demand from Purchaser reimburse Purchaser for any Losses incurred by Purchaser (including, without limitation, indemnification and make-whole payments)." "Losses" are defined in the MSRPA as "Any direct and out-of-pocket losses, damages, costs or expenses, including … reasonable attorneys' fees."

26. Equity Prime further agreed in § 8.01 of the CMC MSRPSA that it would "indemnify, defend and hold Purchaser [CMC] harmless from and shall reimburse

6

Purchaser for any Losses suffered or incurred by Purchaser that result from or arise out of …," *inter alia,* "(b) Any non-fulfillment of any covenant or other obligation of Seller [Equity Prime] contained in this Agreement; or … (e) Any failure by Seller to promptly satisfy in full any repurchase, make-whole or indemnity demands of an Agency."  As noted above, Agency is defined to include FNMA.

27. Thus, under both § 8.01 and § 8.03 of the CMC MSRPSA, Equity Prime is clearly and unambiguously required to indemnify CMC for its Losses incurred in connection with the repurchase of the Subject Mortgage Loan from FNMA.  CMC has assigned its claim for such indemnity to SLS.  *See* Exhibit 2.

28. SLS, on behalf of CMC, demanded such indemnification from Equity Prime in writing on April 21, 2023 (attached as Exhibit 3).  As of April 21, 2023, the amount owed by Equity Prime to CMC was as follows:

Unpaid Principal Balance:  $410,735.44
Accrued Interest:  $69,466.46
Escrow Advance:  $31,789.30
Corporate Advance:  $3,276.52
Purchase Price Premium:  $30,412.91
SRP Premium:  $4,722.07

<u>Total Due 4/21/2023        $550,402.69</u>

29. On or about May 25, 2023, CMC renewed its demand for such indemnification in writing (attached as Exhibit 4).

30. Despite such demands, Equity Prime has failed and refused to pay over to CMC the amounts Equity Prime owes to CMC.

31. SLS, as servicer of the Subject Mortgage Loan, is independently entitled to indemnity and reimbursement from Equity Prime of the amounts set forth above, as SLS is vested with the same rights as CMC in this regard.

## AS AND FOR A
## FIRST CAUSE OF ACTION
## (BREACH OF THE CMC MSRPSA)

32. SLS repeats and realleges the allegations of paragraphs 1 - 31, above, as if fully set forth herein.

33. CMC and SLS have performed all their obligations under and/or relating to the CMC MSRPSA.

34. Equity Prime was obligated under the MSRPSA to pay to CMC the amounts set forth in its April 21, 2023 demand for indemnification (Exhibit 3).

35. Equity Prime has failed and refused to pay CMC such amounts, despite demands for payment. That failure and refusal constitutes a breach of contract, namely § 8.01 and § 8.03 of the CMC MSRPSA, by Equity Prime.

36. Equity Prime is liable to CMC for such amounts. CMC has assigned its claim for such amounts to SLS. *See* Exhibit 2.

37. Equity Prime is also liable to SLS for such amounts because, under the CMC MSRPSA and the powers of attorney granted by Equity Prime and CMC to SLS, SLS was vested with all Mortgage Servicing Rights (as defined), including the right as servicer to advance payment for the repurchase of the Subject Mortgage Loan to FNMA and claim indemnity and reimbursement from Equity Prime.

38. Judgment should be entered in favor of SLS and against Equity Prime on SLS' First Cause of Action in the amount of $550,402.69, plus interest at the New York statutory rate for breach of contract of 9% per year from April 21, 2023 to date of judgment. New York Civil Practice Law and Rules, §§ 5001, 5004.

4850-4060-4296, v. 2

## AS AND FOR A SECOND AND
## ALTERNATIVE CAUSE OF ACTION
## (ACCOUNT STATED)

39. SLS repeats and realleges the allegations of paragraphs 1 - 38, above, as if fully set forth herein.

40. Equity Prime has not disputed owing CMC the amounts set forth in the April 21, 2023 demand letter (Exhibit 3). Accordingly, (1) an account was presented to Equity Prime; (2) it was accepted by Equity Prime as correct; and (3) Equity Prime promised, expressly or impliedly, to pay the amount stated by accepting the account presented to Equity Prime as a correct account.

41. Equity Prime is liable to SLS for $550,402.69 on the ground that there is an account stated between the parties in that amount as of April 21, 2023. CMC assigned its claim for that amount to SLS. *See* Exhibit 2. Equity Prime is also liable to SLS directly by reason of SLS holding all Mortgage Servicing Rights.

42. Judgment should be entered in favor of SLS and against Equity Prime on CMC's Second Cause of Action in the amount of $550,402.69, plus interest at the New York statutory rate for breach of contract of 9% per year from each date each underlying amount was due to date of judgment.

## AS AND FOR A THIRD AND
## ALTERNATIVE CAUSE OF ACTION
## (UNJUST ENRICHMENT)

43. SLS repeats and realleges the allegations of paragraphs 1 - 42, above, as if fully set forth herein.

44. By refusing to repurchase the Subject Mortgage Loan from FNMA, and putting SLS in the position of having to make such repurchase, Equity Prime has enriched itself at SLS' expense.

45. It is contrary to equity and good conscience to allow Equity Prime to retain the benefits of such unjust enrichment.

46. Judgment should be entered in favor of CMC and against Equity Prime on CMC's Third Cause of Action in the amount of $550,402.69, plus interest as may be applicable under New York law.

## AS AND FOR A
## FOURTH CAUSE OF ACTION
## (FOR EXPENSES)

47. SLS repeats and realleges the allegations of paragraphs 1 - 46, above, as if fully set forth herein.

48. Pursuant to § 8.01 and § 8.03 of the CMC MSRPSA, Equity Prime agreed to indemnify CMC and hold CMC harmless from any Losses in the circumstances presented by this action, *i.e.,* breach by Equity Prime of any obligation under the CMC MSRPSA, expressly including failure to repurchase a mortgage loan from FNMA. CMC assigned that claim to SLS. *See* Exhibit 2.

49. Equity Prime is also liable to SLS because it had the same obligation to SLS as holder of the relevant Mortgage Servicing Rights.

50. "Losses" are defined in the CMC MSRPSA to include "Any direct and out-of-pocket losses, damages, *costs or expenses, including without limitation reasonable attorneys' fees*" (emphasis added).

51. As set forth above, this action results from and arises out of the failure by Equity Prime to perform its obligations under the CMC MSRPSA.

52. Accordingly, judgment should be entered on SLS' Fourth Cause of Action in favor of SLS and against Equity Prime in the amount of SLS' costs and expenses, including reasonable attorneys' fees, incurred in this action.

WHEREFORE, SLS demands judgment in its favor and against Equity Prime as follows:

(i) On its First Cause of Action, awarding SLS a money judgment against Equity Prime in the amount of $550,402.69, plus interest at the New York statutory rate for breach of contract of 9% per year from each date each underlying amount was due to date of judgment;

(ii) Alternatively, on its Second Cause of Action, awarding SLS a money judgment against Equity Prime in the amount of $550,402.69, plus interest at the New York statutory rate for breach of contract of 9% per year from each date each underlying amount was due to date of judgment;

(iii) Alternatively, on its Third Cause of Action, awarding SLS a money judgment against Equity Prime in the amount of $550,402.69, plus interest as may be applicable under New York law;

  (iv)  On its Fourth Cause of Action, awarding SLS a money judgment in the amount of SLS' costs and expenses, including reasonable attorneys' fees, incurred in this action; and

  (v)  granting such other or further relief as the Court may deem just and proper in the circumstances.

Dated: June 23, 2023

                GOULSTON & STORRS PC

                By: *[signature]*
                Charles R. Jacob III
                885 Third Avenue – 18th Floor
                New York, New York 10022
                (212) 878-6900
                Fax: (212) 878-6911
                Direct: (212) 878-5143
                Email: cjacob@goulstonstorrs.com

                *Attorneys for Plaintiff*
                *Specialized Loan Servicing LLC*